*E-FILED - 8/2/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARVELLO L. TUFONO, | ) | No. C 10-1685 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL; DISMISSAL WITHOUT |
| v. | ) ) | PREJUDICE; GRANTING LEAVE TO AMEND |
| V. ORTEGA, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses one claim for failure to state a claim, dismisses without prejudice other claims for failure to exhaust, and grants leave to amend one claim.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. See West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.    Plaintiff's Claims

7      Plaintiff alleges that on July 16, 2008, defendant Ortega was deliberately indifferent to
8  his health and safety. Plaintiff asserts that he was an inmate who was classified as a "serious
9  mental illness and sensitive needs yard" in protective custody and Ortega attempted to force
10 plaintiff to double-cell with an inmate, who was classified as a General Population gang
11 member. Plaintiff refused to do so and, as a result, Ortega punished him by writing a Rules
12 Violation Report ("RVR") against plaintiff for willfully obstructing a peace officer. Because of
13 the RVR, alleges plaintiff, he lost certain benefits and had to serve an additional 90 days in
14 prison. In addition to Ortega, plaintiff sues defendants B. Hopkins, B.F. Rankin, and G. Ponder
15 agreeing with the RVR. Liberally construed, plaintiff raises a cognizable claim of deliberate
16 indifference to health and safety.

17     Plaintiff also alleges that defendant Medina improperly cancelled or screened out his
18 administrative appeal. (Complaint, Ex. 1.) However, there is no constitutional right to a prison
19 administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.
20 2003). A provision that merely provides procedural requirements, even if mandatory, cannot
21 form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d
22 987, 989 (9th Cir. 1993). Thus, plaintiff's claim against Medina is DISMISSED for failure to
23 state a claim.

24 C.    Exhaustion

25     The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996)
26 ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42
27 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
28 correctional facility until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. Woodford, 548 U.S. at 92.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation. See Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, it appears from the face of the complaint that plaintiff did not exhaust his administrative remedies prior to filing suit and, consequently, the action is subject to dismissal.

However, there is some authority for the proposition that the exhaustion requirement may be satisfied if a prisoner files a grievance and receives no response within the time allotted for a response under the grievance procedure. See Gregory v. PHS, Inc., No. Civ. A. 00-467-SLR, 2001 WL 1182779, *2 (D. Del. Sept. 21, 2001) (holding prisoner satisfied exhaustion

1  requirement where prisoner filed grievance and received no response for such length of time that
2  "it [was] safe to assume [it] exceeded the amount of time allowed for prison authorities to
3  respond under said grievance procedure"); cf. Jackson v. District of Columbia, 254 F.3d 262,
4  269 (D.C. Cir. 2001) (holding prisoner who never received response to first-level grievance
5  failed to satisfy exhaustion requirement where time period for prison response had not expired
6  before he filed suit). California's regulations pertaining to the inmate appeals process contain
7  time limits for submitting or reviewing appeals. See Cal. Code Regs. tit. 15, § 3084.6. With
8  certain exceptions not applicable here, appeals must be responded to and returned to the
9  appellant no later than 10 working days from the date the appeal is received for an informal level
10 response and 30 working days for a first level response. See Cal. Code Regs. tit. 15, § 3084.6(a),
11 (b)(1), (b)(2).

12    Plaintiff concedes in his complaint that he has not exhausted his administrative remedies
13 as to defendant Ortega. However, he states that he filed an appeal via institutional mail in July
14 2008 regarding staff misconduct of Ortega. As of the date plaintiff sent his federal complaint in
15 for filing, April 14, 2010, plaintiff alleges had not yet received a response from that appeal.
16 Given such allegations, plaintiff may be able to show he has satisfied the exhaustion requirement
17 because after a year and a half, plaintiff maintains he has not received a response. Alternatively,
18 however, if plaintiff did receive some interim response from an appeals coordinator or someone
19 similar within the allotted time period, even, for example, a response that review of his appeal
20 would be delayed, the instant claim likely would be deemed unexhausted at the time plaintiff
21 filed the instant action, and this claim dismissed.

22    Consequently, plaintiff will be GRANTED leave to amend his complaint to allege facts
23 that show he exhausted his administrative remedies prior to filing suit herein. In so doing,
24 plaintiff should provide the court with a copy of his initial appeal regarding defendant Ortega
25 and any response he received from the appeals coordinator or someone on behalf of the appeals
26 office. Should plaintiff fail to amend his complaint in compliance with this order **within 30**
27 **days**, this claim will be dismissed without prejudice to plaintiff's filing a new action after
28 administrative remedies have been exhausted.

Order of Dismissal; Dismissal without Prejudice; Granting Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.10\Tufono685dwla.wpd     4

1  Plaintiff also concedes in his complaint that he has not exhausted his administrative
2 remedies as to defendants B. Hopkins, B.F. Rankin, and G. Ponder, and no exception to
3 exhaustion is alleged or apparent in the complaint.  Plaintiff alleges that his administrative
4 appeal as to those defendants was improperly screened out or cancelled and he was prevented
5 from properly exhausting.  Plaintiff's Exhibit 1 demonstrates that on October 29, 2008,
6 plaintiff's appeal was cancelled .  The Appeals Coordinator commented, "You must appeal the
7 RVR separately from the allegations of misconduct.  You state you have already submitted a
8 staff complaint.  Therefore, remove the misconduct allegations from this RVR appeal.  Simply
9 note due process/procedural violations.  You did not attach 115x."

10  The obligation to exhaust persists as long as some remedy is available; when that is no
11 longer the case, the prisoner need not further pursue the grievance.  Brown v. Valoff, 422 F.3d
12 926, 934-35 (9th Cir. 2005).  A prisoner need not exhaust further levels of review once he has
13 either received all the remedies that are "available" at an intermediate level of review, or has
14 been reliably informed by an administrator that no more remedies are available.  Id. at 935.  That
15 plaintiff's appeal was cancelled for improper inclusion of issues does not show that there is no
16 longer any remedy available.  Id. at 940-34.  Thus, plaintiff has not exhausted all his available
17 remedies as to defendants B. Hopkins, B.F. Rankin, and G. Ponder.  Claims against those
18 defendants are DISMISSED without prejudice to plaintiff's refiling after all available
19 administrative remedies have been exhausted.

## CONCLUSION

21  For the foregoing reasons, the court hereby orders as follows:
22  1.  Plaintiff is granted leave to amend his complaint regarding his claim against
23 Ortega.  Specifically, **within 30 days** of the filing date of this order, plaintiff shall show that he
24 exhausted his claim by providing the court with a copy of his initial appeal regarding defendant
25 Ortega as well as any response he received from the appeals coordinator or someone on behalf of
26 the appeals office.
27  2.  Plaintiff's claims against defendants B. Hopkins, B.F. Rankin, and G. Ponder are
28 DISMISSED WITHOUT PREJUDICE for failure to exhaust.  Plaintiff may re-file a federal

Order of Dismissal; Dismissal without Prejudice; Granting Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.10\Tufono685dwla.wpd        5

1  complaint after all administrative remedies have been exhausted.

2       3.     Plaintiff's claim against defendant Medina is DISMISSED for failure to state a
3  claim.

4       4.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
5  and all parties informed of any change of address and must comply with the court's orders in a
6  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
7  pursuant to Federal Rule of Civil Procedure 41(b).

8      IT IS SO ORDERED.
9  DATED: 7/30/10

                                         RONALD M. WHYTE
10                                       United States District Judge